**MARINE EQUIPMENT CORPORATION v. AUTOMOBILE INS. CO. OF HARTFORD, CONN.**

District Court, S. D. New York. June 23, 1927.

1. Insurance ⊜150—Where terms of policy and rider are inconsistent, rider will prevail.

If the terms of a rider are inconsistent with the terms of the printed form of policy to which it is attached, the terms of the rider will prevail.

2. Insurance ⊜402—Marine policy on tug held to cover injury to machinery from striking submerged obstruction, covered by rider, though excepted from risk in printed form of policy.

A policy on a tug, which in the printed form specifically excepted from the risk damage from "breaking of machinery, unless caused by stress of weather, stranding, collision, or burning," but by a rider provided that it should cover loss or damage to hull or machinery, unless resulting from want of due diligence of owner, *held* to cover injury to machinery caused by striking a submerged obstruction.

In Admiralty. Suit by the Marine Equipment Corporation against the Automobile Insurance Company of Hartford, Conn., on a policy of marine insurance, to recover damage sustained by the steam tug Vigilant, resulting from striking a submerged obstruction to navigation in the East River. Decree for libelant.

Carter & Phillips, of New York City (Robert Phillips, of New York City, of counsel), for libelant.

Bigham, Englar & Jones, of New York City (George S. Brengle, of New York City, of counsel), for respondent.

THACHER, District Judge. The policy in suit was written upon a printed form, to which several riders were attached prior to delivery. The policy itself indemnifies the

assured against damages resulting from various causes, but specifically excepts damages resulting "from the bursting or explosion of boilers, collapsing of flues, or any injury, derangement, or breakage of machinery, unless caused by stress of weather, stranding, collision, or burning." Attached to and forming part of this policy there is a rider headed "A. I. A. Ocean Tug Special," to which reference was made in the policy itself at the time it was written. In this rider the risk insured against is defined as follows:

"To cover any loss (whether total or partial, also general average and salvage charges and expenses) which may occur to said vessel, her tackle, apparel, machinery, and supplies of all kinds on board, brought about by any and all risks, perils, or dangers of the seas, bays, harbors, rivers, and fires, and this policy to indemnify for this insurance company's proportion of all general and particular average and salvage expenses and loss, damage, detriment, or hurt to said vessel, tackle, apparel, machinery, and supplies of all kinds from perils insured against without regard to the rules and customs regulating the settlements of marine insurance losses; but in no case shall this insurance company be liable for a greater amount than the sum hereby insured."

The rider also contains the following:

"This insurance also to cover, subject to the special terms of this policy, loss of and/or damage to hull or machinery through the negligence of master, mariners, engineers or pilots, or through explosions, bursting of boilers, breakage of shafts, or through any latent defect in the machinery or hull, provided such loss or damage has not resulted from want of due diligence by the owners of the vessel, or any of them, or by the manager."

It is to be noted, first, that the general terms expressed in the rider cover all loss brought about by risks, perils, or dangers of the seas, bays, harbors, rivers, and fires, and that, unlike the clause in the printed form of policy to which the rider is attached, there are no exceptions. It is further to be noted that the second clause above quoted from the rider is quite inconsistent with the exception quoted above from the printed form of policy to which the rider is attached.

24 F.(2d)—38½

[1] Of course, the whole document must be considered, and, if possible, it must be construed so as to give effect to all of its provisions. But it is equally true that, if the terms of the rider are inconsistent with the terms of the printed form of policy to which it is attached, the terms of the rider will prevail. Gunther v. Liverpool & London & Globe Ins. Co. (C. C.) 34 F. 501; Ætna Insurance Co. v. Sacramento-Stockton S. S. Co. (C. C. A.) 273 F. 55. Indeed, the obvious purpose of attaching the rider was to supplement and modify the printed form to which it was attached.

[2] The rider quite clearly expresses an obligation to insure against all risks specified, without exception, and is quite inconsistent in its specific as well as its general terms with the exception upon which the respondent relies. It must therefore be regarded as having eliminated the exceptions specified in the printed form of policy to which it is attached. If there were ambiguity, it would, under well-established principles, be resolved in favor of the assured. Globe & Rutgers Ins. Co. v. Winter Garden Co. (C. C. A.) 9 F.(2d) 227; Firemen's Insurance Co. v. Lasker (C. C. A.) 18 F.(2d) 375. The exception thus falling, it is clear that damage resulting from "injury, derangement, or breakage of machinery" caused by striking a submerged obstruction is recoverable by the insured, and the question whether the injury resulted from collision, within the meaning of the policy, does not arise. Reference may be had to Lehigh & Wilkes-Barre Coal Co. v. Globe & Rutgers Fire Ins. Co., 6 F.(2d) 736 (C. C. A. 2d Cir.), for a consideration of the authorities on that question.

A survey was held, but the surveyors signed "without prejudice," and it is now insisted by the respondent that of the items of repair found necessary upon the survey only one was made necessary by the accident. Since the survey was "without prejudice," it was not intended to conclude the rights of either party, and the provisions of the policy to that effect must be regarded as waived. It results that there must be a reference to determine the damage to the Vigilant caused by her striking the obstruction which she ran into, as alleged in the libel.

Enter interlocutory decree accordingly.