## INDEPENDENCE INDEMNITY CO. v. W. J. JONES & SON, Inc.

### No. 6958.

Circuit Court of Appeals, Ninth, Circuit.

March 20, 1933.

Wilbur, Beckett, Howell & Oppenheimer, R. W. Wilbur, H. B. Beckett, F. C. Howell, E. K. Oppenheimer, and Francis E. Marsh, all of Portland, Or., for appellant.

E. L. McDougal and Veazie & Veazie, all of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This suit was brought by appellee to recover on a contractor's policy of public liability insurance issued by the appellant on August 26, 1926, to Clayton R. Jones and/or W. J. Jones & Son, later changed to cover "Clayton R. Jones and/or W. J. Jones & Son, Inc."

The policy which indemnifies the appellee, the insured, against liability for injuries suffered by third persons by reason of operations of its employees therein described is printed in the footnote,[1] with typewritten

---

[1] Public Liability Policy (Contractors and Manufacturers).

Independence Indemnity Company, head office: Philadelphia,

Charles H. Holland, President.
Policy No. LB 3485. Effective date *Aug. 26, 1926*.

In consideration of the deposit premium of. *fifty and no/100 dollars* (which premium is subject to adjustment as hereinafter provided), and of the Statements contained in the schedule endorsed hereon, which Statements the insured by the acceptance of this policy warrants to be true, and which are hereby made part hereof, the Independence Indemnity Company (hereinafter called "the Company") hereby agrees with *Clayton R. Jones and/or W. J. Jones & Son* (herein called "the Insured") that if, between noon of the *twenty-sixth* day of *August, 1926,* and noon (standard time at the place at which this policy has been countersigned) of the *twenty-sixth* day of *August, 1927,* any person or persons not in the Insured's service shall sustain any bodily injuries by accident, whether resulting fatally or otherwise, by reason of and during the progress of the Insured's work described in Statement 4 of said schedule, for which injuries the Insured is liable for damages,

Then the Company will indemnify the Insured against loss arising out of such liability up to an amount not exceeding ten thousand dollars in respect of any one accident or disaster (the term. "disaster" including a series of accidents arising from one and the same cause), provided, however, that the Company's liability shall in no event exceed five thousand dollars for damages for such injuries to any one person; and will in addition,.

1. Defend, in the name and on behalf of the Insured, all claims or suits for damages for such injuries, for which damages the Insured is, or is alleged to be, liable.

2. (a) Pay all costs and expenses incurred with the Company's written consent.

(b) Pay all taxed costs.

(c) Pay all interest accruing upon such part of such damages awarded by judgment as is not in excess of the Company's limit of indemnity as above defined.

3. Repay to the Insured the expense incurred in providing such immediate surgical relief as is imperative at the time of the accident.

Provided always that the Insurance hereby made is and shall be subject to the conditions hereafter set forth and to the memoranda, if any, endorsed hereon in like manner as if the same were respectively repeated and incorporated herein, and compliance with such conditions and memoranda, and each of them, shall be a condition precedent to the right of recovery hereunder.

In witness whereof, the Company has caused this policy to be signed by Chas. W. Holland, President.

portions in italics. The principal question involved is as to whether or not the policy covered the liability for the injuries involved in this action. These injuries resulted from the collision of a motorcycle whereon one W. Roy Melbo and Lloyd E. Hawn were riding, with a "jitney" power unit operated and used by employees of the appellee in its stevedoring business for the transportation of cargo from the ship's side to the place of storage. Separate suits were brought by Melbo and Hawn against the appellee to recover for the personal injuries received by them as result of the collision. Due no-

Countersigned at *Portland, Oregon*, this *13th* day of *August, 1926, Brownell-Slocum Insurance Agency., Inc., by S. H. Slocum,* Authorized Agent. Condition. * * *

Risks Not Covered.

3. This policy does not cover: * * * (c) Any liability in respect of injuries caused in whole or in part: (i) By any person whose earnings are specifically excluded under Statement 10 of the schedule; * * *

(iii) By any draught animal or vehicle owned or hired by the Insured or by any person employed by the Insured while engaged in the maintenance or use of same.

(iv) By any locomotive, engine, train, motor, car, automobile, or other self-propelled vehicle. * * * Other Insurance.

9. If the *Insured carries other than insurance against loss covered by this policy, the Company shall not be liable for a larger proportion of the entire loss than the amount hereby insured bears to the total amount of the Insured's valid and collectible insurance. * * *

Adjustment of Premium.

11. The premium is based upon the entire earnings during the policy period of all employes of the Insured engaged in connection with the work covered by this policy, except executive officers not performing the duties of superintendent, foreman and workman, clerical office employes, except also drivers and/or chauffeurs, operating teams or automobiles which are covered by concurrent teams and/or automobile insurance carried by the Insured with this Company, providing such drivers or chauffeurs are not specifically included in the classifications of* work *described in this policy.* * * *

Conflicting Statutory Provisions.

15. If any condition of this policy is at variance with any specific statutory provision relating to insurance policies, which is in operation prior to the issue of this policy, and which would otherwise inure to the benefit of the Insured, such specific statutory provision shall be substituted for such condition.

Statement
No.        Schedule of Statements.

(1) Insured (a) Name *Clayton R. Jones and/or W. J. Jones & Son.*

(b) (State whether individual or co-partnership or corporation or receiver or other trustee) *a corporation.* * * *

(3) Trade or business: *stevedores.*

(4) A full description of the work to be covered by this policy, including the operative management and superintendence thereof, conducted at the locations where such work is to be done, the estimated earnings of the employes engaged therein the premium rate or rates and the deposit premium, are as follows:

Including work usual and necessary to the care and maintenance of the premises and of the mechanical equipment used by the Insured.

Total Deposit Premium *Fifty and no/100 Dollars* $50.00

(5) The foregoing estimate of earnings is offered for the purpose of computing the deposit premium which is subject to subsequent adjustment. The term "earnings" shall include all salaries, wages, sums paid for regular time, overtime, piecework, and allowances, and also the cash equivalent of all board, merchandise, store certificates, credits and any other substitute for cash, earned by all employes engaged in connection with the work described in Statement 4.

(6) No power is used, except as follows: *as may be necessary.* * * *

(8) The operations carried on at the places named in Statement 4 are solely those usual to the work described in Statement 4, except as follows: *no exceptions.* * * *

(10) The estimated earnings exclude payments to independent contractors and/or sub-contractors, except as follows: *no exceptions.*

(Rider)

*Earnings exclude payments of salary to President, Office and Clerical employees and Walking Bosses.*

*It is hereby understood and agreed that any work or operations not described in Special Condition [Statement] 4 and carried on by the assured shall come within the provisions of the policy to which this endorsement is attached and the premium shall be adjusted in accordance with the general conditions of the said policy at the rate or rates applicable to the classes of work or operations undertaken.* * * *

Nothing herein contained shall be held to waive, alter, vary or extend any of the conditions, agreements or limitations of this policy, other than as above stated.

This Endorsement, issued by the Independence Indemnity Company, when countersigned by a duly authorized Official or Agent of the Company, and attached to policy No. *LB3485* issued to *Clayton R. Jones and/or W. J. Jones & Son of Portland, Ore., Chas. H. Holland, President,* shall be valid and shall form part of the policy.

Countersigned at *Portland, Oregon,* this *13th day of August, 1926, by Brownell-Slocum Insurance Agency, Inc., S. H. Slocum,* Authorized Agent.

| Description of Work to be Covered | Location of All Places Where Such Work Is to Be Done | Estimated Earnings for Period of Insurance | Premium Rate Per $100 of Earnings | Deposit Premium |
|---|---|---|---|---|
| *Stevedoring* | *Along and/or on the Willamette and Columbia Rivers and their navigable tributaries and elsewhere as required.* | *monthly* report | $0.336 | $50.00 |
| *Ship Lining* | | | 0.204 | |
| *Warehouse and dock employes* | | | 0.408 | |
| *Stevedoring bulk grain* | | | 0.204 | |
| *Tallymen and checkers* | | | 0.336 | |

tice of the pendency of such actions was given to the appellant, insurance company, which refused to defend. The appellee defended the actions, but judgments were rendered against it in favor of Lloyd E. Hawn for $7,659, which was settled by the appellee for $7,250, and by W. Roy Melbo for $5,408.-75 and interest, which was settled by the appellee on June 21, 1928, for $5,459.24. In addition thereto, the appellee prays judgment for attorneys' fees and costs in the two actions aggregating $2,506.10, and for $2,500 additional as attorneys' fees in prosecuting this action. Judgment was rendered in favor of appellee as prayed for.

The principal question involved in this appeal is the effect of the "condition" in the policy to the effect that the policy "does not cover * * * any liability in respect to injuries caused in whole or in part * * * by any locomotive, engine, train, motor, car, automobile, or other self-propelled vehicle." (Cond. 3, sub. c-iv, of the policy.)

In order to determine the effect of the policy it will be necessary to analyze some other of its provisions, but before doing so the general nature of the business conducted by the insured should be stated.

The appellee's business is stated in the policy under the schedule of statements, as follows: "(3) Trade or business, stevedoring." In that business as conducted in the city of Portland, and in most, if not all, of the seaports of the United States and in many foreign countries, it was customary, at the time the policy was issued, to haul trucks loaded with cargo to and from the side of the vessel by attaching to these trucks a power unit which, for the present, we refrain from designating as an automobile or self-propelled vehicle because of the appellee's contention that this power unit is not a "vehicle" within the meaning of the policy. This power unit is described in the findings of the court as follows: " * * * A device commonly called a jitney, which is a self-propelled machine operated by a gasoline motor; that said machine was steered by a circular steering wheel and started by a hand crank; that it had four cylinders, four wheels, an ignition system, and a clutch and brake; that such machines were regularly and commonly used by plaintiff and other stevedores for hauling trucks on and about docks and warehouses and in other similar places."

This jitney weighed about three tons, had wheels about eight inches in diameter, with solid rubber tires. It was known to the broker when he procured the insurance for the appellee that such jitneys were used by the appellee and by all other stevedores engaged in that business at the port of Portland. The policy of insurance did not specify the exact amount of the premium to be paid by the insured in consideration for the indemnity thereby afforded, but provided that the premiums should depend upon the pay roll of the company, all as more particularly therein described (see condition 11 in policy in footnote). Premiums were actually paid monthly upon the pay roll of the company during the life of the policy upon the wages paid to the employees who were engaged in operating these jitneys. They were also engaged in performing other work, and did not devote themselves exclusively to that particular line of work. The appellee's first contention that, inasmuch as the policy not only covered the business of the appellee as stevedores, but also certain designated employees, including, among others, "warehouse and dock employees," there is a conflict between the condition relating to self-propelled vehicles and the insurance as to liability for injuries resulting from the work of those who were engaged as "warehouse and dock employees," in that such dock and warehouse employees were required as a part of their duties to use such self-propelled vehicles. Consequently, it is argued, the express provision of the policy insuring against injuries resulting from their work is inconsistent with the condition with reference to the instrumentality used by them if the jitney be held to be a "vehicle" within the meaning of the condition. In this regard appellee also contends that this jitney is not a vehicle. We think, however, that this latter position cannot be sustained, and that the so-called jitney was an automobile or self-propelled vehicle within the meaning of the policy.

We will endeavor to summarize other applicable provisions of the policy omitting parts that are not germane to the present inquiry. The policy agrees to indemnify the insured if any person or persons not in the insured's service shall sustain any bodily injuries by accident by reason of and during the progress of the insured's work described in statement No. 4 of said schedule for which injuries the insured is liable for damages, subject to the conditions and to the memoranda, if any, indorsed on the policy. It is provided that a compliance with such conditions and memoranda, and each of them, shall be a condition precedent to the right of recovery under the policy. Statement 4 of the "Schedule of Statements" follows the general statement of the insured's trade or

business as "stevedores" (see footnote). Attached to the policy is a typewritten indorsement or rider dated the same date as the policy, August 13, 1926, making the coverage applicable to "any work or operations not described in special statement 4 and carried on by the assured." (See footnote.)

It follows that, if for a moment we disregard the above-quoted provisions of conditions 3-c-iv with reference to self-propelled vehicles, the policy covers injuries resulting from the work or operations requiring the use of the aforesaid jitneys. That is to say, a typewritten rider supplementing statement 4 with reference to the work to be covered is sufficiently broad in its terms to include the drivers or operators of motor vehicles if and when such drivers or operators are engaged in carrying on the work or operations of the assured. Before further considering the effect of this apparent conflict, we refer to other provisions of the policy which have some bearing on the question.

Paragraph 11 of the "conditions" relates to the adjustment of premium (see policy in footnote). These premiums, as we have stated, are based upon the earnings of the workmen employed by the insured.

It appears from this paragraph (11) that the premium is based, in part, upon the wages of chauffeurs operating automobiles unless they are covered by concurrent automobile insurance carried with the appellant company. Even then, if the chauffeurs are specially included in the classification of work described in this policy, their wages are to be included in estimating the amount of the premium. It would seem then from this printed form of policy which is evidently intended for general use for contractors and manufacturers that it was contemplated that chauffeurs could be specially included in the classification of work described in the policy by writing their occupation in blanks left for that purpose in statement 4. In other words, as we understand it, this clause with reference to the adjustment of premium contemplated that schedule of statements 4 could include "chauffeurs," if so agreed, under the head of "Description of work to be covered." Whether or not they were so included, their wages were to be included in determining the amount of the premium, under condition 11 of the policy, unless they came within the exceptions mentioned therein. Another provision of the policy (schedule of statements 5) would also require their wages to be included in the pay roll in estimating premiums. Schedule of statements 5 is, in part,

as follows: " * * * The term 'earnings' shall include all * * * wages * * * *earned by all employes engaged in connection with the work described in Statement 4.*"

However, we do not place our decision on the theory that the inclusion of the wages of the employees who operated the "jitneys" in the schedule on which premiums were paid is decisive or persuasive in the case. The parties had the right to adjust the premium to be paid by the insured upon any basis they saw fit. However, it also should be stated that the inclusion of these employees in the pay roll on which the premium was based would tend to impress upon the assured the fact that the insurance covered such employees. This consideration might have persuasive force in deciding uncertainties in the policy, but we are concerned here with a policy which expressly includes in the coverage clause the operators and operations of these "jitneys." The general business of stevedoring, including as it does the work of the employees who were designated as those engaged in "stevedoring," "ship lining," "warehouse and dock employees," "stevedoring in bulk grain," "talleymen and checkers," would necessarily include in the coverage of the policy the operations of those employees while using the "jitney" in question, if such use was the usual method of doing the work. Assuming, however, that the extent of this coverage is a doubtful question in view of the condition exempting accidents caused by self-propelled vehicles from the liability assumed by the insurance company, we must further consider the effect of the typewritten rider above quoted, which provides that any work or operations not described in special statement 4 and carried on by the assured, "shall come within the provisions of the policy." This all-inclusive statement necessarily includes the operators of the "jitney" while using the same as completely as though they were specifically mentioned in statement 4. We then have a printed form of policy of insurance which expressly provides that, if it so agreed, drivers or chauffeurs shall be included "in the classification of work described in this policy" for which liability is assumed. Thus the printed form of policy expressly contemplates liability for injuries resulting from the work carried on by chauffeurs if properly included by written additions to the policy, but it also contains a printed condition that injuries resulting from the use of the automobile driven by them should not be covered by the terms of the policy. It may have been expected that the agent executing the policy on behalf of the

**316**

.insurance company would strike out the condition excepting liability for injuries inflicted by automobile when the coverage clause conflicts with the printed condition. In this situation the familiar rule is that the typewritten portion of the policy controls the printed form. Bluefields Fruit & S. S. Co. v. Western Assurance Co. of Toronto (C. C. A. 5) 265 F. 221; Marine Ins. Co., Ltd., v. McLanahan (C. C. A. 4) 290 F. 685; Cooley's Briefs on Insurance, vol. 2, p. 1007-h, and numerous cases cited; 32 C. J. 1159. This is particularly true where the written provision is contained in a rider which of itself would dominate in case of irreconcilable provisions. Cooley's Briefs on Insurance, vol. 2, p. 1012, and cases cited; Stout v. Commercial Union Assur. Co. (C. C.) 12 F. 554; Marine Equipment Corp. v. Automobile Ins. Co. of Hartford, Conn. (D. C.) 24 F.(2d) 600. This rule as to the control of the printed portions of the document by the written ones, or by a rider, applies with even greater force where the printed provisions of the policy show that it was contemplated by the draughtsman of the printed provisions that inconsistent provisions covering the work of chauffeurs and drivers of teams might be included by writing their occupations in among the employees whose operations are to be covered by the policy. In the case at bar, the rider covering all other operations conducted by the workmen of the assured necessarily covers the operations of these "jitneys," whether classed as automobiles or not. There is thus a flat contradiction between the two provisions of the policy which calls for an application of the rule giving dominant effect to the typewritten provisions of the policy.

Judgment affirmed.