## W. J. JONES & SON, Inc., v. COLUMBIA CASUALTY CO.*

### No. 7561.

Circuit Court of Appeals, Ninth Circuit.

Nov. 5, 1934.

Veazie & Veazie, of Portland, Or., for appellant.

Wilbur, Beckett, Howell & Oppenheimer, R. W. Wilbur, E. K. Oppenheimer, and Calvin N. Souther, all of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

The court below sustained a demurrer to appellant's amended and supplemental complaint. Appellant failed to plead further, and judgment of dismissal was entered. Error is assigned on the ruling sustaining said demurrer and on the entry of said judgment. The said amended and supplemental complaint alleged two causes of action, and the demurrer was directed separately to each.

Appellant in its first cause states the following facts: The original Independence Indemnity Company was organized in Pennsylvania and admitted to do business in the state of Oregon in October, 1922; it issued a policy of indemnity insurance to appellant on August 13, 1926, at Portland, Or.; on June 14, 1927, an accident having occurred wherein two people were injured, the appellant notified the company of such fact, whereupon the company immediately denied liability to appellant under its policy and refused to investigate or defend against these claims; later, actions were brought against the appellant by the two injured persons and judgment recovered against it, one on June 21, 1928, and the other on May 12, 1930, which judgments were immediately paid by the appellant. In July, 1928, shortly after the first judgment was recovered, appellant sued the indemnity company on its contract of insurance, which action was removed to the federal court. After the second judgment had been recovered, and in September, 1930, the appellant, by supplemental complaint, included the amount paid by it on the second judgment in its original action, and the case was later tried in the District Court of the United States for the District of Oregon. While said litigation was pending, the Indemnity Company on June 30, 1931, began certain proceedings in Pennsylvania whereby the original Independence Indemnity Company was merged and consolidated with the Commonwealth Casualty Company, another Pennsylvania corporation, which resulted in the formation of a new corporation which also took the name of "Independence Indemnity Company," the identical designation of the original company. On September 16, 1931 letters patent were issued to this new company which then came into existence, whereupon, in accordance with the terms of the consolidating agreement, the new company assumed all liabilities of the old company. This consolidating contract was made in the state of Pennsylvania. The pertinent portion thereof reads as follows:

"*   *   *   Said New Company shall become the owner of and have vested in it, all the rights, privileges, franchises, properties, choses and rights in action, now belonging to and owned by the said corporations, parties hereto, or to which said corporations are, or may be entitled; provided, however, that all the rights of creditors and all liens upon the property of each of the said corporations, parties hereto, shall continue unimpaired and the respective constituent corporations, parties hereto, shall be deemed to

*Rehearing denied Jan. 7, 1935.

be in existence to preserve the same, and all debts, duties and liabilities of each of the said constituent corporations, parties hereto, shall thenceforth attach to the said New Company and may be enforced against it to the same extent and by the same process as if said debts, duties and liabilities had been contracted by the said New Company."

After said merger had become effective, the new Independence Indemnity Company filed in the office of the insurance commissioner of the state of Oregon a certified copy of said consolidation agreement, and of proceedings connected therewith, and of the charter issued to said "New Company," and took over as of the date of September 16, 1931, the business of the said original Independence Indemnity Company in the state of Oregon, and thereupon the "New Company" assumed the defense of the said action which had been brought by appellant, and which was pending in the United States District Court of Oregon, against the "Old Company." On June 8, 1932, the appellant recovered a judgment for $20,148.68 as the result of the action previously instituted against the original company. An appeal was taken to this court where the judgment was affirmed March 20, 1933. See Independence Indemnity Co. v. W. J. Jones & Son, 64 F.(2d) 312.

For a time the "New Company" continued and carried on the casualty insurance business formerly conducted in the state of Oregon by the original company without obtaining a license to do such business in said state, as required by statute passed the Legislature, effective June 6, 1931 (chapter 109, p. 156, Or. Laws, 1931).

In June, 1932, the new Independence Indemnity Company applied to the insurance commissioner of the state of Oregon for a license to do a casualty business in said state, and requested that the same be dated back to September 16, 1931, which was the date it took over the business of the "Old Company." As a condition, the commissioner required a surety bond in the sum of $25,-000, as provided in chapter 109, p. 156, Or. Laws for the year 1931, effective as of a date which was prior to or coincident with the date when the "New Company" assumed the liabilities of the casualty department of the "Old Company" in the state of Oregon. Thereupon, in August, 1932, the "New Company" as principal with the Columbia Casualty Company, appellee herein, as surety, executed a certain bond in the sum of $25,-000, which by agreement was dated the 28th day of August, 1931, and which was intended to be effective from and after said date to comply with the direction of the insurance commissioner of the state of Oregon.

On October 31, 1932, the new Independence Indemnity Company conveyed to the International Re-Insurance Corporation, existing under the laws of the state of Delaware, its property, in consideration for which said International Re-Insurance Corporation assumed, and agreed to pay as the same should become due, each and all of the liabilities of the Independence Indemnity Company, then existing or which should thereafter become due.

On the 10th day of May, 1933, appellant instituted an action upon the judgment theretofore recovered by it against the original company, against both the new Independence Indemnity Company and the said International Re-Insurance Corporation, and, on June 13, 1933, was awarded judgment thereon by default. Thereafter, as a result of attachments and execution levies, there was collected on said judgment certain sums, which left remaining on July 22, 1933, a balance of $8,867.61, to recover which this action was brought.

As its second cause of action appellant adopted by reference the paragraphs of its first cause of action, stating facts hereinbefore given, particularly alleging that the new Independence Indemnity Company and the International Re-Insurance Corporation had, prior to the time of the institution of the action whereby judgment had been recovered against them, assumed the obligation of the original Independence Indemnity Company in favor of appellant herein. Further, that on an appeal which had been taken from said judgment the new Independence Indemnity Company had executed a supersedeas bond on July 27, 1932.

The second cause of action then alleges that on May 13, 1931, the original Independence Indemnity Company as principal, and appellee herein, Columbia Casualty Company, as surety, had executed, and on June 12, 1931, caused to be filed in the office of the insurance commissioner of the state of Oregon, a bond in the sum of $25,000, the conditions of which bond are the same as the one set forth in the first cause of action, and further alleging that appellee as surety in the bond sued on was liable for the unpaid balance due on the judgment.

On the first cause of action the question to be determined is: Was the contract entered into by the new Independence Indemnity Company on September 16, 1931, whereby it

assumed the liability of the old Independence Indemnity Company to appellant which existed under the policy of casualty insurance issued by the "Old Company" to appellant, such a contract of insurance or reinsurance as came within the terms of the Oregon statute, as to make appellee, Columbia Casualty Company, liable as surety on the bond filed in August, 1932, and antedated as of the 28th day of August, 1931?

As to the second cause of action based on the qualifying bond which the old Independence Indemnity Company executed in May, 1931, with the appellee, as surety, the questions presented are: Was (a) the failure of the "Old Company" to faithfully perform its contract of casualty insurance with the appellant, which occurred prior to the date of said bond, or (b) the supersedeas bond, which the Independence Indemnity Company executed upon the appeal, or (c) the judgment recovered by appellant against the Independence Indemnity Company such a "contract" as rendered appellee liable as surety on this bond?

Summarizing the facts in the order of time, we find that the "Old Company" issued its policy of indemnity insurance to appellant in August, 1926. The accidents occurred in June, 1927. Claim was made against the "Old Company," which denied liability and refused to defend the suits which were brought against appellant. The first judgment was recovered in June, 1928, and, in July appellant brought suit against the "Old Company." In May, 1930, a second judgment was recovered, and in September, 1930, this second judgment, by supplemental complaint, was included in the pending action. After all of these matters had transpired, on May 13, 1931, the "Old Company," as principal, with appellee, as surety, executed a surety bond required by statute to be filed to enable the "Old Company" thereafter to do business in the state of Oregon. Prior to that time it does not appear that there was any law in Oregon requiring such a bond. This bond is made the subject of the second cause of action. On June 30, 1931, the "Old Company" was merged into the present Independence Indemnity Company. On September 16, 1931, the "New Company" came into existence, acquiring the assets and assuming the obligations of the "Old Company." In June, 1932, the "New Company" filed a surety bond as required by the statutes of the state of Oregon to enable it to do business in that state, but it was dated back as of August 28, 1931. This is the bond which is the subject of the first cause of action. Thus, the bonds here in question were dated May 13, 1931, and August 28, 1931, respectively.

The failure of the "Old Company" to respond to the liability on its insurance policy occurred either upon the denial of liability in June, 1927, or upon the refusal to pay on demand the judgments recovered against the appellant in June, 1928, and in May, 1930, but certainly prior to the time that appellant sued the "Old Company" upon the judgments in July, 1928, and September of 1930, which was before either of these two bonds were in effect, unless they can be said to relate back prior to their delivery. Appellee contends that it appears that neither of the bonds were intended to, and as a matter of law did not, cover past transactions, so that it, as surety on the bonds, was not liable on the policy of liability insurance which had been issued by the "Old Company," and which was breached long before the bonds were filed in the office of the insurance commissioner.

The correct solution must be found in the interpretation of the statute and the wording of the bonds. Chapter 109, Oregon Laws, 1931, p. 156, is as follows: "Section 1. Every foreign and alien corporation or company, excluding reciprocal exchanges, before engaging in the business of casualty insurance, directly or indirectly, or assuming any such casualty insurance risk within this state, shall deposit with the insurance commissioner $25,000 in approved securities to be held in trust, or, in lieu of such securities, a corporate surety bond of the same amount payable to the state of Oregon, such deposit or bond to be held and conditioned upon the faithful performance by such company of all contracts and other requirements within the state. Such bond shall be executed by a duly licensed surety company and approved by the insurance commissioner, and shall continue in full force and effect until the insurance commissioner receives 60 days' written notice of its termination, which notice shall be given by the surety company that executed such bond."

The wording of the two bonds is practically identical, the pertinent portions of which were as follows:

"The conditions of the foregoing obligations are such, that

"Whereas, the said principal, the Independence Indemnity Company of Philadelphia, Pennsylvania, has applied to the In-

surance Commissioner of the State of Oregon for a license to transact a Casualty Insurance business in said State; and

"Whereas, the insurance laws of the State of Oregon require that before being licensed to begin such business in said State the applicant Company must enter into a bond to the State of Oregon for the security of the persons, firms and corporations within said State, which may take out policies with said company.

"Now, Therefore, if the said Independence Indemnity Company shall faithfully perform all contracts entered into within the State of Oregon by said Insurance Company, according to the terms and conditions thereof, and in compliance with the laws of the State of Oregon, and shall faithfully pay all losses or claims against said company arising from, through or under contracts made within said State with any policyholder or agent and at such times as they shall become due and payable, and shall in all respects and at all times conform to the laws of the State of Oregon relating to the transaction of Casualty Insurance business, and the faithful performance of other requirements relating to discrimination and misrepresentation as prescribed in the Insurance Law, then this obligation to be void, otherwise to remain in full force and virtue."

"A contract of suretyship is not retrospective in its operation, and no liability attaches to the surety for defaults occurring before it is entered into, unless an intent to be so liable is indicated. * * *" 50 C. J. 86, § 138.

This text is sustained by ample authority. Farrar v. U. S., 5 Pet. 373, 389, 8 L. Ed. 159; U. S. v. Boyd, 15 Pet. 187, 208, 10 L. Ed. 706; Stevenson v. Union Indemnity Co., 160 Tenn. 603, 28 S.W.(2d) 346.

In the case of American Surety Company v. Scott (C. C. A.) 63 F.(2d) 961, at page 964, the court states the rule in different language, but with equal emphasis, as follows: "A contract of suretyship will be construed to cover only losses or liabilities incurred after the execution of such contract, in the absence of provisions manifesting an intention that it shall cover past transactions. * * * [Citing numerous authorities.]"

There is nothing in the bond or in the statute to indicate that it was intended to cover defaults that had occurred prior to its execution. The language of the statute seems to contemplate that the bond shall be given before any casualty insurance risk shall be assumed, and the bond itself, interpreting the language of the statute, recites that the applicant company must enter into a bond with the state for the security of persons who may take out policies with said company, which indicates that such policies are to be issued after the bond is entered into.

As opposed to the holdings of the courts in the above-noted cases, appellant relies on the case of Union Guaranty & Trust Co. v. Robinson, 79 F. 420, a decision by the Circuit Court of Appeals for the Eighth Circuit, as a decision precisely in point with the case at bar. In that case the policy on which the original judgment had been recovered was one which had been issued before the giving of the bond, and the death of the insured had also occurred prior thereto, and there was a recovery on the bond, but that case is not an authority here, for the reason that the point here raised was not alluded to or discussed by the court, and no opinion rendered thereon; the controversy there being on different matters, principally as to whether the original bond had been properly executed by the surety.

We find nothing to take this case out of the general rule that a bond is binding on the surety prospectively only, and presumptively is intended to cover defaults after, and not before, its execution.

Because the opinion of the court on the point discussed determines the case on this appeal, other questions raised are not passed upon.

Judgment affirmed.