**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, a corporation, Appellant,**

v.

**PACIFIC INLAND NAVIGATION COMPANY, Inc., a corporation, as successor to Inland Navigation Company, Appellee.**

No. 20273.

United States Court of Appeals.
Ninth Circuit.

April 4, 1966.

Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).]

██ The Washington Courts follow, as does this Court, the general rule that typewritten provisions control, where inconsistent with printed portions of an insurance policy. [See: American Universal Insurance Co. v. Kruse, 306 F.2d 661 (9th Cir. 1962); Independence Indemnity Co. v. W. J. Jones & Son, 64 F.2d 312 (9th Cir. 1933); Holthe v. Iskowitz, 31 Wash.2d 533, 197 P.2d 999 (1948); L. J. Dowell, Inc. v. United Pacific Cas. Co., 191 Wash. 666, 72 P.2d 296 (1937); Miller v. Penn Mut. Life Ins. Co. of Philadelphia, 189 Wash. 269, 64 P.2d 1050 (1937).] Accordingly, the typewritten provision of endorsement 23 that "coverages 'A' and 'C' of this policy shall specifically apply to the ownership, maintenance, operations, use, loading or unloading of watercraft" controls the printed language of exclusion (f) of the policy.

The judgment of the District Court is affirmed.

Robert J. Hall, of Walsh & Margolis, Seattle, Wash., for appellant.

Charles B. Howard, Richard W. Buchanan, of Summers, Howard, & LeGros, Seattle, Wash., for appellee.

Before BARNES and BROWNING, Circuit Judges, and MATHES, Senior District Judge.

PER CURIAM:

The insurer appeals from a judgment predicated upon a finding that appellant's policy covered appellee's liability to the Port of Pasco, Washington, for fire damage to one of the port's docks proximately caused by an explosion of appellee's gasoline barge.

██ Federal diversity jurisdiction is invoked. The law of Washington governs. [See: Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S. Ct. 368, 99 L.Ed. 337 (1955); Erie R.R.

